UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ADVOCATE CHRIST HOSPITAL
3075 Highland Parkway - Suite 600
Downers Grove, IL 60515

ADVOCATE CONDELL MEDICAL CENTER
3075 Highland Parkway - Suite 600      CASE NO.  1:17-cv-02321
Downers Grove, IL 60515

ADVOCATE NORTHSIDE HEALTH SYSTEM
3075 Highland Parkway - Suite 600
Downers Grove, IL 60515

ADVOCATE TRINITY
3075 Highland Parkway - Suite 600
Downers Grove, IL 60515

ANDERSON HOSPITAL
222 South Riverside Plaza
Chicago, IL 60606

AUGUSTA MEDICAL CENTER
78 Medical Center Drive
Fishersville, VA 22939

AULTMAN HOSPITAL ASSOCIATION
2600 Sixth St. SW
Canton, OH 44710

BAXTER COUNTY REGIONAL HOSPITAL
624 Hospital Drive
Mountain Home, AR 72653

BOTSFORD GENERAL HOSPITAL
28050 Grand River Avenue
Farmington Hills, MI 48336

BRYAN MEDICAL CENTER
1600 South 48th Street
Lincoln, NE 68506

CALDWELL MEMORIAL HOSPITAL
321 Mulberry Street SW
Lenoir, NC 28645

CAPE REGIONAL MEDICAL CENTER
Two Stone Harbor Boulevard
Cape May Court House, NJ 8210

CARLE FOUNDATION HOSPITAL
611 West Park Street
Urbana, IL 61801

CLARK MEMORIAL HOSPITAL
330 Seven Springs Way
Brentwood, TN 47130

COMANCHE COUNTY MEMORIAL
HOSPITAL
3401 West Gore Boulevard
Lawton, OK 73505

COPLEY MEMORIAL HOSPITAL
2000 Odgen Avenue
Aurora, IL 60504

DEARBORN COUNTY HOSPITAL
600 Wilson Creek Road
Lawrenceburg, IN 47025

DEKALB COMMUNITY HOSPITAL
103 Continental Place - Suite 200
Brentwood, TN 37027

EAST ALABAMA MEDICAL CENTER
2000 Pepperell Parkway
Opelika, AL 36801

EAU CLAIRE HOSPITAL
200 First Street SW
Rochester, MN 55895

ESKENAZI HEALTH
720 Eskenazi Avenue
Indianapolis, IN 46202

FAIRFIELD MEDICAL CENTER
401 N. Ewing Street
Lancaster, OH 73130

FAYETTE REGIONAL HEALTH SYSTEM
1941 Virginia Avenue
Connersville, IN 47331

FIRELANDS REGIONAL MEDICAL CENTER
1101 Decatur Street
Sandusky, OH 44870

FLOYD MEMORIAL HOSPITAL
1850 State Street
New Albany, IN 47150

FLUSHING HOSPITAL MEDICAL CENTER
4500 Parsons Boulevard
Flushing, NY 11355

FRANCISCAN HEALTH - BEECH GROVE
8111 S. Emerson Avenue
Indianapolis, IN 46327

FRANCISCAN ST. ANTHONY MEMORIAL
HEALTH CENTERS
5454 Hohman Avenue
Hammond, IN 46320

FRANCISCAN ST. FRANCIS HEALTH
8111 S. Emerson Avenue
Indianapolis, IN 46237

FRANCISCAN ST. JAMES HOSPITAL AND
HEALTH CENTERS
1423 Chicago Road
Chicago Heights, IL 60411

FRANCISCAN ST. MARGARET HEALTH -
HAMMOND CAMPUS
5454 Hohman Avenue
Hammond, IN 46320

FREEMAN HEALTH SYSTEM
1102 West 32nd Street
Joplin, MO 64804

FROEDTERT MEMORIAL LUTHERAN
HOSPITAL
9200 W. Wisconsin Ave., PO Box 26099
Milwaukee, WI 53226

GASTON MEMORIAL HOSPITAL
2525 Court Drive
Gastonia, NC 28054

GOLDEN VALLEY MEMORIAL HOSPITAL
1600 North Second Street
Clinton, MO 64735

GOOD SAMARITAN HOSPITAL
520 South Seventh Street
Vincennes, IN 47591

GOOD SHEPHERD MEDICAL CENTER
700 East Marshall Avenue
Longview, TX 75601

GRANDVIEW MEDICAL CENTER
1000 Highway 28
Jasper, TN 37347

GREAT RIVER MEDICAL CENTER
1221 S. Grear Avenue
West Burlington, IA 52655

GUNDERSON LUTHERAN MEDICAL
CENTER
1900 South Avenue
LaCrosse, WI 54601

GWINNETT HOSPITAL SYSTEM INC.
1000 Medical Ctr. Boulevard
Lawrenceville, GA 30046

HANCOCK REGIONAL HOSPITAL
801 North State Street
Greenfield, IN 46140

HENDRICKS REGIONAL HEALTH
1000 East Main Street
Danville, IN 46122

HENRY COUNTY HOSPITAL
PO Box 490
New Castle, IN 47362

HIGHLANDS MEDICAL CENTER
401 Sewell Drive
Sparta, TN 38583

HOLLAND COMMUNITY HOSPITAL
602 Michigan Avenue
Holland, MI 49423

HOLY FAMILY MEMORIAL MEDICAL
CENTER
2300 Western Avenue PO Box 1450
Manitowoc, WI 54221

IREDELL MEMORIAL HOSPITAL
557 Brookdale Drive
Statesville, NC 28677

JAMAICA HOSPITAL
8900 Van Wyck Expressway
Jamaica, NY 11418

JOHN H. STROGER
1900 West Polk Street - Room 1350
Chicago, IL 60612

JOHN T. MATHER MEMORIAL HOSPITAL
75 North Country Rd
Port Jefferson, NY 11777

JOHNSON MEMORIAL HOSPITAL
1125 West Jefferson St.
Franklin, IN 46131

KARMANOS CANCER HOSPITAL
4100 John R. Street
Detroit, MI 48201

KING'S DAUGHTERS' HEALTH
1373 East State Road 62
Madison, IN 47250

KISHWAUKEE COMMUNITY HOSPITAL

626 Bethany Road
DeKalb, IL 60115

MAJOR HOSPITAL
150 West Washington Street
Shelbyville, IN 46176

MARIETTA MEMORIAL HOSPITAL
401 Matthew Street
Marietta, OH 45750

MARION GENERAL HOSPITAL
441 N. Wabash Avenue
Marion, IN 46952

MARSHALL REGIONAL MEDICAL CENTER
811 South Washington
Marshall, TX 75670

MEDICAL CENTER BARBOUR
820 West Washington Street
Eufala, AL 36027

MEMORIAL MEDICAL CENTER
4209 Shamrock Lane, Suite B
McHenry, IL 60050

MERCY MEMORIAL HOSPITAL
718 North Macomb Street
Monroe, MI 48162

MOUNT SINAI HOSPITAL MEDICAL
CENTER
1500 South Fairfield Avenue
Chicago, IL 60608

MUSKOGEE REGIONAL MEDICAL CENTER
103 Continental Place
Brentwood, TN 37027

NICHOLAS H. NOYES MEMORIAL
HOSPITAL
111 Clara Barton Street
Dansville, NY 14437

NORTH ARKANSAS REGIONAL MEDICAL
CENTER
620 N. Main
Harrison, AR 72601

NORTH GEORGIA MEDICAL CENTER
1362 South Main Street
Elijay, GA 30540

NORTH KANSAS CITY HOSPITAL
2800 Clay Edwards Drive
North Kansas City, MO 64116

NORTHEAST ALABAMA REGIONAL
MEDICAL
400 East Tenth Street
Anniston, AL 36202

NORTHERN ILLINOIS MEDICAL CENTER
4209 Shamrock Lane, Suite B
McHenry, IL 60050

NORTHSHORE UNIVERSITY
HEALTHSYSTEM
1301 Central Street, Rm. 212
Evanston, IL 60201

OAK FOREST HOSPITAL
1900 West Polk Street - Room 1350
Chicago, IL 60612

OHIO VALLEY MEDICAL CENTER
2000 Eoff Street
Wheeling, WV 26003

PALMETTO HEALTH BAPTIST COLUMBIA
293 Greystone Blvd., 2nd Floor
Columbia, SC 29210

PARKLAND HEALTH & HOSPITAL SYSTEM
5000 Harry Hines Boulevard
Dallas, TX 75235

PARKVIEW REGIONAL MEDICAL CENTER
11109 Parkview Plaza Drive
Fort Wayne, IN 46845

PLEASANT VALLEY HOSPITAL
2520 Valley Drive
Point Pleasant, WV 25550

PRINCETON COMMUNITY HOSPITAL
122 12th Street
Princeton, WV 24740

PROVIDENT HOSPITAL
1900 West Polk Street - Room 1350
Chicago, IL 60612

REID HOSPITAL AND HEALTH SERVICES
1100 Reid Parkway
Richmond, IN 47374

RIVER PARK HOSPITAL
103 Continental Place - Suite 200
Brentwood, TN 37027

RIVERVIEW HOSPITAL
395 Westfield Road
Noblesville, IN 46060

RIVERVIEW MEDICAL CENTER
PO Box 8080
Wisconsin Rapids, WI 54495

RUSH NORTH SHORE MEDICAL CENTER
9600 Gross Point Rd.
Skokie, IL 60076

RUSSELL HOSPITAL
3316 Highway 280
Alexander City, AL 35010

SALINE MEMORIAL HOSPITAL
1 Medical Park Drive
Benton, AR 72015

SCHNECK MEDICAL CENTER
411 West Tipton Street
Seymour, IN 47274

SOUTH SHORE HOSPITAL
8012 South Crandon Avenue
Chicago, IL 60617

SOUTH SUBURBAN HOSPITAL
3075 Highland Parkway - Suite 600
Downers Grove, IL 60515

SPECTRUM HEALTH BUTTERWORTH
HOSPITAL
100 Michigan Street Northeast, Mail Code 406
Grand Rapids, MI 49503

ST. BERNARD HOSPITAL
326 West 64th Street
Chicago, IL 60621

ST. CATHERINE HOSPITAL
4321 Fir Street
East Chicago, IN 46312

ST. TAMMANY PARISH HOSPITAL
1202 S. Tyler Street
Covington, LA 40433

STONES RIVER HOSPITAL
103 Continental Place - Suite 200
Brentwood, TN 37027

STONEWALL JACKSON MEMORIAL
HOSPITAL
230 Hospital Plaza
Weston, WV 26452

THE COMMUNITY HOSPITAL
901 MacArthur Boulevard
Munster, IN 46321

THE REGIONAL MEDICAL CENTER OF
ORANGEBURG AND CALHOUN COUNTIES
3000 St. Matthews Road
Orangeburg, SC 20119

THOMAS MEMORIAL HOSPITAL
4605 MacCorkle Avenue Southwest
South Charleston, WV 25309

UNIVERSITY OF ILLINOIS HOSPITAL
1740 West Taylor Street
Chicago, IL 60612

UNIVERSITY OF IOWA HOSPITALS &
CLINICS
3281 Ridgeway Drive - Suite 200
Coralville, IA 52241

UNIVERSITY OF TOLEDO
3000 Arlington Avenue, Mail Stop #1106
Toledo, OH 43614

UNIVERSITY OF VIRGINIA MEDICAL
CENTER
1215 Lee Street
Charlottesville, VA 22908

VANDERBILT UNIVERSITY MEDICAL
CENTER
1211 Medical Center Drive
Nashville, TN 37232

VIRGINIA HOSPITAL CENTER
1701 N. George Mason Drive
Arlington, VA 22205

WARREN MEMORIAL HOSPITAL
220 Campus Blvd., Suite 420
Winchester, VA 22601

WASHINGTON REGIONAL MEDICAL
3215 North Hills Boulevard
Fayetteville, AR 72703

WAYNE MEMORIAL HOSPITAL, INC.
2700 Wayne Memorial Drive
Goldsboro, NC 27534

WHITE COUNTY MEDICAL CENTER
3214 East Race Avenue
Searcy, AR 72143

WILLIAMETTE VALLEY MEDICAL CENTER
2700 Southeast Stratus Avenue
McMinnville, OR 97128

WINCHESTER MEDICAL CENTER
1840 Amherst Street
Winchester, VA 22604

WITHAM HEALTH SERVICES
2605 North Lebanon Street
Lebanon, IN 46052

WOOSTER COMMUNITY HOSPITAL
1761 Beall Avenue
Wooster, OH 44691

   Plaintiffs,

   vs.

Eric D. Hargan
Acting Secretary of the United States Department
of Health and Human Services
Room 700-E
200 Independence Avenue, S.W.
Washington, D.C. 20201

   Defendant.

## COMPLAINT FOR JUDICIAL REVIEW AND DECLARATORY JUDGMENT UNDER THE MEDICARE ACT

   The Plaintiff Hospitals ("Hospitals"), by counsel, for their Complaint against the

Defendant, Secretary of Health and Human Services ("Secretary"), allege and state:

### I.
### Nature of the Action

   1.  The Plaintiff Hospitals in this case were not parties to the case of *Allina Health*

*Services v. Sebelius*, 904 F.Supp.2d 75 (D.D.C. 2012), *aff'd* 746 F.3d 1102 (D.C. Cir. 2014), but

the issues presented in the present case are identical to those presented in the *Allina* litigation.

The issue presented in *Allina* was whether Medicare "enrollees in Part C are 'entitled to benefits' under Part A, such that they should be counted in the Medicare fraction, or whether, if not regarded as 'entitled to benefits under Part A,' they should instead be included in the Medicaid fraction" of the Medicare disproportionate share hospital ("DSH") adjustment. *Id.* At 1105. In particular, that case and its appeal addressed the validity of a 2004 rule changing the agency's interpretation. *Id.* The Court of Appeals affirmed the vacatur of that rule, but concluded that the question of how the agency should proceed on remand was not yet presented. *Id.* at 1111.

2.      Subsequent to the appellate decision in *Allina*, in proceedings before the Secretary, the Secretary limited the application of the *Allina* decisions to only the Plaintiffs in that case and only for the years those Plaintiffs had appealed before the PRRB and the federal courts. The Plaintiff Hospitals in this case are requesting a court order requiring the Secretary to revise the fractions under appeal for the Hospitals in this action to exclude Part C days from the Medicare fraction as the Secretary did in the *Allina* litigation and to add the Part C days to the Medicaid fraction in accordance with the Secretary's pre-2004 policy. The Hospitals also request a court order barring the Secretary from applying any policy of including part C days in the Medicare fraction for purposes of calculating Medicare DSH payments for periods prior to October 1, 2013.

## II.
## Jurisdiction and Venue

3.      This action arises under the Medicare Act, Title XVIII of the Social Security Act 42 U.S.C. § 1395 et seq., and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq.

4.      Jurisdiction is proper under 42 U.S.C. § 1395oo(f)(1).

5.      Venue is proper in this judicial district under 42 U.S.C. § 1395oo(f)(1).

### III.
### Parties

6.      Each of the Plaintiff Hospitals in this action are contracted participants in the Medicare Program and are eligible for the DSH adjustment to their standard PPS rates, or may become eligible for the DSH adjustment in the event this case is decided in favor of the Plaintiff Hospitals.

7.      The Defendant is Eric D. Hargan, in his official capacity as Acting Secretary of the United States Department of Health and Human Services ("HHS"), the federal agency that administers the Medicare Program.

8.      The Centers for Medicare and Medicaid Services ("CMS") is a component of HHS with responsibility for the day-to-day operation and administration of the Medicare Program.

### IV.
### Legal Background

**A.      Qualification for Disproportionate Share Hospital Status**

9.      Part A of the Medicare Act covers "inpatient hospital services."  42 U.S.C. § 1395d(a)(1).  Since 1983, the Medicare Program has paid most hospitals for the operating costs of inpatient hospital services under the prospective payment system ("PPS").  42 U.S.C. §§ 1395ww(d)(1)-(5); 42 C.F.R. Part 412.  Under PPS, Medicare pays predetermined, standardized amounts per discharge, subject to certain payment adjustments.  *Id.*  One of the payment adjustments is the Disproportionate Share Hospital ("DSH") payment for hospitals that provide care for a disproportionate share of low income patients ("LIP").  *See* 42 U.S.C. § 1395ww(d)(5)(F); 42 C.F.R. § 412.106.

10.    A hospital that serves a disproportionate share of low-income patients is entitled to an upward percentage adjustment to the standard PPS rates.  *See* 42 U.S.C. § 1395ww(d)(5)(F); *see also* 42 C.F.R. § 412.106.  A hospital may qualify for a DSH adjustment based on its "disproportionate patient percentage."  *See* 42 U.S.C. §§ 1395ww(d)(1)(5)(F)(i)(I) and (d)(5)(F)(v); 42 C.F.R. § 412.106(c)(1).  As a proxy for utilization by low-income patients, the disproportionate patient percentage determines a hospital's qualification as a DSH, and it also determines the amount of DSH adjustment.  42 U.S.C. §§ 1395ww(d)(5)(f)(iv) and (vii)-(xiii); 42 C.F.R. § 412.106(d).  The disproportionate patient percentage is defined as the sum of two fractions expressed as percentages.  42 U.S.C. § 1395ww(d)(5)(F)(vi).

11.    The first fraction that is used to compute the DSH payment is commonly known as the "Medicaid fraction."  The statute defines the Medicaid fraction as:

> [T]he fraction (expressed as a percentage), the numerator of which is the number of the hospital's patient days for such period which consist of patients who (for such days) were eligible for medical assistance under a State plan approved under [Title XIX], but who were *not entitled to benefits under part A* of [Title XVIII], and the denominator of which is the total number of the hospital's patient days for such period.

42 U.S.C. § 1395ww(d)(5)(F)(vi)(II) (emphasis added).  As reflected in the italicized language above, the numerator of the Medicaid fraction consists of days for patients who were both eligible for medical assistance under Title XIX, or Medicaid, and "not entitled to benefits under part A" of Title XVIII, or Medicare.

12.    The other fraction that is used to compute the DSH payment is the "Medicare fraction" or "SSI fraction."  The statute defines this fraction as:

> [T]he fraction (expressed as a percentage), the numerator of which is the number of such hospital's patient days for such period which were made up of patients who (for such days) were *entitled to benefits under part A* of [Title XVIII] and were entitled to supplemental security income benefits (excluding any State supplementation) under subchapter XVI of this chapter, and the denominator of

14

> which is the number of such hospital's patient days for such fiscal year which were made up of patients who (for such days) were *entitled to benefits under part A* of [Title XVIII]…

42 U.S.C. §§ 1395ww(d)(5)(F)(vi)(I) (emphasis added).  As the italicized language indicates, the Medicare fraction consists solely of days for patients who were "entitled to benefits under part A" of Medicare.  The denominator includes all part A days, whereas the numerator includes only those part A days for patients who are also entitled to supplemental security income ("SSI") benefits under Title XVI.  The Medicare fraction is computed for each federal fiscal year by CMS, and must be used to compute a hospital's DSH payment adjustment for the cost reporting period beginning in the federal fiscal year.  42 C.F.R. § 412.106(b)(2)-(3).

**B.    Regulatory History of the Inclusion of Medicare Advantage Days in DSH Calculation[1]**

13.    In addition to the original fee-for-service program under Medicare parts A and B, the Medicare program provides beneficiaries the option to receive services from managed care entities.  *See generally* 42 U.S.C. § 1395mm.  This program, originally known as Medicare+Choice, was renamed Medicare Advantage ("MA") in 2003.

14.    The statute provides for "payment to an eligible organization under this section for individuals enrolled under this section with the organization and entitled to benefits under part A of this subchapter and enrolled under part B of this subchapter . . ."  42 U.S.C. §1395mm(a)(5).  Inpatient hospital days for Medicare beneficiaries enrolled in health

---

[1] See http://www.medicare.gov/glossary/m.html. (A Medicare Advantage Plan is a type of Medicare health plan offered by a private company that contracts with Medicare to provide beneficiaries with all Part A and Part B benefits. Medicare Advantage Plans include Health Maintenance Organizations, Preferred Provider Organizations, Private Fee-for-Service Plans, Special Needs Plans, and Medicare Medical Savings Account Plans. If a beneficiary is enrolled in a Medicare Advantage Plan, Medicare services are covered through the plan and are not paid for under Original Medicare. Most Medicare Advantage Plans offer prescription drug coverage.) (last visited August 4, 2014).

maintenance organizations ("HMO"s) and competitive medical plans ("CMP"s) prior to 1999 are

referred to as Medicare HMO patient care days.  In the September 4, 1990 Federal Register, the

Secretary of Health and Human Services stated that:

> Based on the language of section 1886(d)(5)(F)(vi) of the Act [42 U.S.C. § 1395wvv(d)(5)(F)(vi)], which states that the disproportionate share adjustment computation should include "patients who were entitled to benefits under Part A," we believe it is appropriate to include the days associated with Medicare patients who receive care at a qualified HMO. Prior to December 1, 1987, we were not able to isolate the days of care associated with Medicare patients in HMOs, and therefore, were unable to fold this number into the calculation [of the DSH adjustment]. However, as of December 1, 1987, a field was included on the Medicare Provider Analysis and Review (MEDPAR) file that allows us to isolate those HMO days that were associated with Medicare patients. *Therefore, since that time we have been including HMO days in the SSI/Medicare percentage [of the DSH adjustment].*

55 Fed. Reg. 35,990, 39,994 (September 4, 1990) (emphasis added).  The same provision

establishes that at that time, Medicare Part A paid for HMO services, and patients continued to be

eligible for Part A.

## C.    Medicare Part C

15.    With the creation of Medicare Part C in 1997, Medicare beneficiaries who opted

for managed care coverage under Medicare Part C were no longer entitled to have payment made

for their care under Part A. Consistent with the statutory change, CMS did not include Medicare

Part C days in the SSI ratios used by the intermediaries to calculate DSH payments for the FY

2001-2004.[2]  The result of this policy would have placed MA Days in the Medicaid Fraction in

the count of total hospital days or in the count of Medicaid eligible days in the event the MA

enrollee was also eligible for Medicaid.  However, in response to confusion from providers

concerning the placement of MA Days within the DSH calculation, the Secretary proposed to

clarify her policy regarding MA Days in the FFY 2004 Inpatient PPS Proposed Rule:

---

[2] 69 Fed. Reg. 48,918, 49,099 (August 11, 2004).

> Therefore, we are proposing to clarify that once a beneficiary elects Medicare Part C, those patient days attributable to the beneficiary should not be included in the Medicare fraction of the DSH patient percentage. These patient days should be included in the count of total patient days in the Medicaid fraction (the denominator), and the patient's days for the M+C beneficiary who is also eligible for Medicaid would be included in the numerator of the Medicaid fraction.

68 Fed. Reg. 27154, 27208 (May 19, 2003). Also of note, the Secretary did not note a "major" financial impact associated with this proposal. 68 Fed. Reg. at 27416. This proposal was not finalized in the FFY 2004 Final Rule.

16.    In the FFY 2005 Inpatient PPS Final Rule, the Secretary made a complete about-face and decided MA days should be counted in the Medicare Fraction for DSH because "they are still, in some sense, entitled to benefits under Medicare Part A." 69 Fed. Reg. 48916, 49099 (Aug. 11, 2004). This policy was incorporated into the DSH regulation at 42 C.F.R. § 412.106(b)(2) without any opportunity for hospitals to comment on the change of position.

17.    The effect of this regulatory change was negative for most hospitals. Many MA patients are not also receiving SSI and/or Medicaid. The 2004 change added many days to the denominator of the Medicare Fraction, which is total Medicare Part A days, and did not add very many days to the numerator, which is SSI Days. This had the effect of reducing the SSI percentage that results from the Medicare fraction. Under CMS's prior policy, the MA patient days were mostly counted in the denominator of the Medicaid Fraction, which is total hospital inpatient days and in the numerator if they were also Medicaid. This did not have the negative effect that the FFY 2005 rulemaking had on most hospitals' DSH reimbursement.

18.    Although the change in policy regarding 42 C.F.R. § 412.106(b)(2)(B) was included in the August 11, 2004 Federal Register, no change to the regulatory language was published for three years until the FFY 2008 Inpatient PPS Final Rule. In that publication, the Secretary stated that no regulatory change had in fact occurred and announced that she had made

17

"technical corrections" to the regulatory language consistent with the change announced in the

FFY 2005 Final Rule. As a result, MA days were required to be included in the Medicare fraction

as of October 1, 2004.   In the Federal Register notice for the FFY 2008 Final Rule, the Secretary

made the following comments:

> In the FY 2005 IPPS final rule (69 Fed. Reg. 49,099), we discussed in the preamble our policy change to reflect the inclusion of the days associated with Medicare+Choice (now Medicare Advantage) beneficiaries under Medicare Part C in the Medicare fraction of the DSH calculation. In that rule, we indicated that we were revising the regulation text at [42 C.F.R.] § 412.106(b)(2)(i) to incorporate this policy. However, we inadvertently did not make a change in the regulation text to conform to the preamble language. We also inadvertently did not propose to change § 412.106(b)(2)(iii) in the FY 2005 final rule, although we intended to do so. Section 412.106(b)(2)(i) of the regulations discusses the numerator of the Medicare fraction of the Medicare disproportionate patient percentage (DPP) calculation while § 412.106(b)(2)(iii) of the regulations discusses the denominator of the Medicare fraction of the Medicare DPP. We intended to amend the regulation text with respect to both the numerator and the denominator of the Medicare fraction of the Medicare DPP. Therefore, in this final rule with comment period, we are making this technical correction to § 412.106(b)(2)(i) and to § 412.106(b)(2)(iii) to make them consistent with the preamble language of the FY 2005 IPPS final rule and to effectuate the policy iterated in that rule.

> With respect to the technical correction that we are making to § 412.106(b)(2)(iii), we note that we ordinarily publish a notice of proposed rulemaking in the Federal Register to provide for a period for public comment before a provision such as this would take effect. However, we can waive this procedure if an agency finds good cause that a notice and comment procedure is impracticable, unnecessary, or contrary to the public interest and incorporates a statement of the finding and its reasons in the notice issued. We find it unnecessary to undertake notice and comment rulemaking in this instance for the additional change to § 412.106(b)(2)(iii) because this notice merely provides technical corrections to the regulations and does not make any substantive changes to the regulations or our existing policy. Therefore, under 5 U.S.C. 533(b)(B), for good cause, we waive notice and comment procedures.

72 Fed. Reg. 47,130, 47,384 (August 22, 2007).

**D.    Medicare Appeals Processes**

19.    The Secretary contracts with private organizations (usually insurance companies) to perform certain audit and payment functions under part A of the Medicare program.  These organizations are commonly referred to as "intermediaries" or "Medicare Administrative Contractors ("MAC")".

20.    After the close of each fiscal year, a hospital is required to file a cost report with its designated MAC.  42 C.F.R. §§413.20, 412.24.

21.    The MAC analyzes the cost report and issues a determination, called a Notice of Program Reimbursement or "NPR," that informs the hospital of the MAC's final determination as to the amount of Medicare reimbursement due the hospital for the fiscal year covered by the cost report.  *See* 42 C.F.R. §405.1803. The issuance of an NPR is a final agency decision.  *Id.*

22.    The Provider Reimbursement Review Board ("PRRB") is an administrative tribunal appointed by the Secretary.  *See* 42 U.S.C. §1395oo(h).  Each of the appointed members of the PRRB must be "knowledgeable in the field of payment to providers of service" under the Medicare program.  *Id.*

23.    Pursuant to 42 U.S.C. §1395oo(a)(1)(A)(i), a  hospital may appeal to the PRRB if the hospital is dissatisfied with a MAC's determination as to the amount of Medicare payment due the hospital for a cost reporting period as reflected in an NPR.

24.    A hospital may take an appeal to the PRRB individually or may pursue a group appeal of an issue that is common to two or more hospitals.  *See* 42 U.S.C. §1395oo(a) and (b); 42 C.F.R. §§ 405.1835 and 405.1837.

25.    The amount in controversy for a group appeal to the PRRB is $50,000 in the aggregate.  *See* 42 U.S.C. §1395oo(b); 42 C.F.R. §§405.1835 and 405.1837.

26.     In 1980, Congress amended the Medicare statute to permit a hospital to obtain expedited judicial review of a "question of law or regulations relevant to the matters in controversy" in an appeal to the PRRB when "the Board determines … that it is without authority to decide the question."  *See* 42 U.S.C. §1395oo(f)(1); *see also* 42 C.F.R. §405.1842(a)(1).

27.     The statute provides that the PRRB decision finding that it lacks authority to decide a question of law "shall be considered a final decision and not subject to review by the Secretary" *See* 42 U.S.C. §1395oo(f)(1).  The statute also grants a hospital the right to obtain judicial review of that question of law by initiating an action in this Court within 60 days of the PRRB's determination.  *Id.*

28.     The SSI fractions for all hospitals paid under PPS for cost reporting periods beginning in federal fiscal year 2010 were published on October 17, 2012.

29.     The Plaintiff Hospitals filed timely appeals challenging the SSI fractions CMS calculated for cost the reporting period beginning in federal fiscal year 2010.  The Hospitals contend that the Secretary's determination of the SSI fractions is invalid because Part C Medicare Advantage days are days for patients who are not "entitled to benefits under [Medicare] Part A."  *See* 42 U.S.C. §1395ww(d)(5)(F)(vi)(I).

30.     The Plaintiff Hospitals filed their appeals to the PRRB within 180 days of the issuance of their NPR's.

31.     All of the Plaintiff Hospitals requested that the PRRB grant expedited judicial review of the validity of the Secretary's determination to include Part C Medicare Advantage days in their SSI fractions.

32.    The PRRB found jurisdiction and ultimately granted expedited review on this legal question for the Plaintiff Hospitals.

33.    The Plaintiff Hospitals have timely brought this action for expedited judicial review pursuant to 4 U.S.C. §1395oo(f)(1).

**E.    Allina Health Services v. Sebelius**

34.    In *Allina Health Services* the Plaintiff Hospitals contested the application of the 2004 rulemaking to cost reporting periods after October 1, 2004 arguing that the reversal in the Secretary's policy did not meet notice and comment requirements and was not the product of reason decision making because the agency failed to acknowledge and explain its change from prior policy.

35.    This Court ruled in favor of the Plaintiff Hospitals and held that the portion of the 2004 final rule that announced the Secretary's interpretation of Medicare disproportionate share hospital fraction as codified in 2007, 42 C.F.R. § 412.106(b)(2) and as further modified in 2010 would be vacated and the case was remanded to the Secretary for action consistent with the Court's opinion. *Allina Health Services*, 904 F.Supp.2d at 95.

36.    During the appeal of this Court's decision, the Secretary engaged in a new notice and comment rulemaking on the treatment of Part C days in which she "proposed to readopt the policy of counting the Part C days in the Medicare fraction." 78 Fed.Reg. 50,496, 50,615 (August 19, 2013). The Secretary further stated the view that rulemaking was unnecessary despite the *Allina* decision, but that she was engaging in the new rulemaking "in an abundance of caution." *Id.* This 2013 notice and comment rulemaking was the first opportunity provided by the Secretary for meaningful comments on the policy of including Medicare Part C days in the Medicare fraction in computing the disproportionate patient percentage for DSH payments.

37.    The district court's vacatur of the 2004 change in policy had the effect of restoring the previous policy of excluding Part C days from the Medicare fraction and including Part C days in the Medicaid fraction where appropriate until the policy was changed by valid notice and comment rulemaking.  The Secretary appealed.

38.    The District of Columbia Circuit Court issued its decision on April 1, 2014.  In its decision, the D.C. Circuit agreed with the district court that the Secretary's final rule was not a logical outgrowth of the proposed rule.  746 F.3d at 1109.  The appellate court, however, reversed that part of the court order requiring the Secretary to recalculate the Hospitals' reimbursements without using the interpretations set forth in the 2004 final rule on the conclusion that the district court should have simply remanded the case after identifying the Secretary's error.  The time for appeal of the D.C. Circuit's ruling expired on June 30, 2014.

39.    Subsequent to the district court's ruling in *Allina*, the Secretary applied the court's vacatur, but only for the nine Plaintiff Hospitals in *Allina* and only for the years that were appealed in the case.  The *Allina* holding was not applied for hospitals that were not plaintiffs in the *Allina* case.

40.    Subsequent to the forgoing judicial determinations, the D.C. Circuit Court, in *Allina Health Services v. Price*, 863 F.3d 937 (D.C. Cir 2017) (Allina II) issued a ruling stating that the 2013 rule, following notice and comment, is prospective only and applies to Medicare fractions calculated for fiscal year 2014 and beyond.  "In sum HHS has no promulgated rule governing the interpretation of 'entitled to benefits under Part A' for the fiscal years before 2014."

41.    Moreover, the Court in *Allina II* specifically determined that any change in the reimbursement adjustment formula without providing the public with notice and opportunity for comments violates the Medicare Act.

## V.
## The Secretary's Conduct was Arbitrary, Capricious, an Abuse of Discretion and Not in Accordance with Law

42.    The Medicare statute provides for judicial review of final actions by the Secretary pursuant to the Administrative Procedure Act ("APA") 42 U.S.C. §1395oo(f)(1).

43.    The applicable provision of the APA provides that the reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law.  5 U.S.C. §706(2)(A).

44.    The Secretary's interpretation to include Medicare Part C days in the Medicare Fraction for purposes of the DSH calculation for periods prior to October 1, 2013 is invalid because the Allina Court's vacatur of the 2004 rule adopting a policy change had the effect of reinstating the prior policy until it is changed by rulemaking that could be applied to the years prior to that date.  No rulemaking with respect to the years preceding October 1, 2013, has occurred.  The Secretary has only engaged in rulemaking applicable on a prospective basis from the 2014 rule.  She has engaged in no rulemaking for the period from the vacated 2004 rulemaking through fiscal year 2013.

45.    The inclusion of Part C days in the Medicare Fraction is invalid because the Medicare Act specifies that where a final rule is not a logical outgrowth of a previously published notice of proposed rulemaking, the final rule should be treated as a proposed regulation.  42 U.S.C. §1395hh(a)(4).  With regard to the Plaintiff Hospitals in this case, the Secretary has continued to treat the 2004 rule as a valid finalized rule.

46.    The Medicare Act provides that no rule that establishes or changes a substantive legal standard governing the payment of providers for services shall take effect unless it is promulgated by the Secretary by regulation.  42 U.S.C. §1395hh(a)(2).  The Secretary's inclusion of the Part C days in the Medicare Fraction changes a substantive legal standard governing payment for services within the meaning of the statute.  The Secretary's conduct therefore violates the Medicare Act's requirement of notice and comment rulemaking to change policy regarding the treatment of Part C days.

47.    In addition, because the now reinstated pre-2004 regulation requires that Part C days must be excluded from the Medicare Fraction and included in the Medicaid Fraction, the agency is barred by the APA from altering that policy without going through notice and comment rulemaking.  5 U.S.C. §551(5).

## VI.
## Prayer for Relief

WHEREFORE, the Plaintiff Hospitals respectfully request that this Court issue judgment in their favor and against the Defendant and issue the following relief:

A.    An order declaring invalid and barring the Secretary from applying any policy of, including Part C Days, in the Medicare Fraction for purposes of calculating Medicare DSH payments  for periods prior to October 1, 2013;

B.    An order directing the Secretary to include the Part C Days in the Medicaid Fraction for periods prior to October 1, 2013, in accordance with the Secretary's pre-2004 policy;

C.    An order directing the Secretary to calculate the Plaintiff Hospitals' DSH payments consistent with the Court's order and to make payment of any additional amounts due the Plaintiff Hospitals, plus interest, calculated in accordance with 42 U.S.C. §1395oo(f)(2); and

D.    Providing such other relief as the Court may consider appropriate.

Respectfully submitted,

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.


By: _____/s/ N. Kent Smith_____
  N. Kent Smith, Attorney No. 1777-49
  500 North Meridian Street, Suite 400
  Indianapolis, IN  46204-1293
  Ph:  (317) 633-4884
  Fax: (317) 633-4878
  Email:  ksmith@hallrender.com
  *Attorneys for Plaintiffs*

4822-8659-0035v1